**FILED**
**APR 1 3 2015**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lauren Paulson,<br><br>     Plaintiff,<br><br>v.<br><br>Apple Inc., *et al.*,<br><br>     Defendants. | Case: 1:15-cv-00556<br>Assigned To : Unassigned<br>Assign. Date : 4/13/2015<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

Plaintiff is a resident of Brookings, Oregon, who has submitted a "Motion for a Temporary Restraint Order," a "Class Action Complaint," and an application to proceed *in forma pauperis*, all dated August 6, 2014. For the reasons explained below, the application to proceed *in forma pauperis* will be granted, the motion for a temporary restraining order ("TRO") will be denied and this case, brought *pro se*, will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case pursued *in forma pauperis* upon a determination that the complaint fails to state a claim upon which relief may be granted).

A TRO is warranted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Plaintiff seeks an order to compel "Defendant T-Mobile to immediately restore [his] telephone service" and to "refund any and all sums automatically deducted from Plaintiff's bank account from April 18, 2014 when T-Mobile terminated" the service . . . ." TRO Mot. at 1-2. The fact that plaintiff did not prepare his TRO motion until August 6, 2014, nearly four



months later, belies any claim of immediate harm, and plaintiff has made no showing of irreparable harm. "It is [ ] well settled that economic loss does not, in and of itself, constitute irreparable harm" since compensation for such losses might " 'be available at a later date, in the ordinary course of litigation[.]' " *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985) (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

The "Class Action Complaint" cannot proceed because a *pro se* party, such as plaintiff, cannot represent a class or any other individual in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: April _9_, 2015

/s/
United States District Judge
**ROBERTS, C.J. RWR**